# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RAY BAXTER, ) | 1:13cv00001 DLB PC |
| Plaintiff, ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. ) | |
| KERN COUNTY SHERIFF'S DEPT., ) | **THIRTY-DAY DEADLINE** |
| Defendant. ) | |

Plaintiff Steven Ray Baxter ("Plaintiff") is incarcerated in the Kern County Jail. He is proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on January 2, 2013. He names the Kern County Sheriff's Department and Sheriff's Officer John Doe as Defendants.[1]

A.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 15, 2013.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **PLAINTIFF'S ALLEGATIONS**

Plaintiff states that he is a high profile protective custody inmate housed in the Kern County Jail. He states that no other inmate is permitted to be around him.

Plaintiff alleges that on November 7, he was in his cell.[2] The control booth officer opened his cell door and allowed another inmate to assault him. Plaintiff contends that the inmate who assaulted him is classified as a dangerous person and is not permitted to be around anyone, including officers. Plaintiff alleges that a scrub-brush handle was used in the assault and he suffered a broken jaw, broken nose and injuries to his head and face that required staples and stiches.

Plaintiff states that he has requested the officer's name and badge number, but the information is being withheld.

C.     **ANALYSIS**

1.     *Kern County Sheriff's Department*

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local

---

[2] Plaintiff does not specify a year.

government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff names the Kern County Sheriff's Department, but does not include any allegations that would state a claim for municipal liability under Monell.

2.     *Failure to Protect*

It is unclear from Plaintiff's complaint whether he was a convicted prisoner or a pretrial detainee at the time of the event in question. While the Eighth Amendment would apply to a convicted prisoner, the due process clause of the Fourteenth Amendment governs pretrial detainees. "Due process requires that a pretrial detainee not be punished." Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). "A sentenced inmate, on the other hand, may be punished, although that punishment may not be "cruel and unusual" under the Eighth Amendment." Id.

Though similar in nature, the Ninth Circuit has recognized that the Eighth Amendment "set[s] a floor for those [rights] that must be afforded to" civil detainees. Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir.2007), summarily reversed on other grounds by Hunter v. Hydrick, ––– U.S. –––, 129 S.Ct. 2431, 174 L.Ed.2d 226 (2009).

Under the Eighth Amendment, prison officials have a duty to take reasonable steps to protect inmates from abuse. Farmer v. Brennan, 511 U.S. 825, 833-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Under the Fourteenth Amendment, the applicable standard is one of objective reasonableness. Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003). The inquiry is whether Defendant's actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. Id. (citing Graham, 490 U.S. at 397) (quotation marks omitted).

Here, Plaintiff alleges that an officer in the control booth opened his cell door and allowed another inmate to assault him. Construing Plaintiff's complaint liberally, and focusing on Plaintiff's allegation that the officer *allowed* the assault to occur, the Court finds that this states a claim under both the Eighth Amendment and the Fourteenth Amendment. Of course, which standard ultimately applies depends on whether Plaintiff is a prisoner or pretrial detainee.

However, although Plaintiff states a claim, he has failed to identify a named Defendant, as discussed below.

  3. *Doe Defendant*

Ordinarily, where the Court finds at least one cognizable claim, the Court will give Plaintiff the option of proceeding on the cognizable claim and dismissing the remaining claims, or filing an amended complaint to cure the identified deficiencies. In this situation, however, Plaintiff must file an amended complaint because he has not named a Defendant. Without naming a Defendant, the United States Marshal cannot serve the complaint.

**D.**  **CONCLUSION AND ORDER**

Plaintiff's complaint states a claim under the Eighth or Fourteenth Amendment, depending on Plaintiff's status as either a prisoner or a pretrial detainee, against Sheriff's Officer Doe. It does not state a claim against the Kern County Sheriff's Department.

Plaintiff is ORDERED to file an amended complaint naming at least one Defendant within thirty (30) days of the date of service of this order. The amended complaint may either state only the cognizable claim OR may attempt to cure the deficiencies noted above.

Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  The amended complaint should also indicate whether Plaintiff is a prisoner or a pretrial detainee.

Plaintiff's amended complaint may not change the nature of this suit by adding new, unrelated claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Further, Plaintiff is notified that his amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  Plaintiff is reminded that he should only amend claims which he believes, in good faith, can be cured.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must file an amended complaint naming at least one Defendant.  The amended complaint must either:

   a. State only the Eighth/Fourteenth Amendment failure to protect claim, which this Court has found cognizable; or

   b. State the Eighth/Fourteenth Amendment failure to protect claim and a cured claim against the Kern County Sheriff's Department.

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to effectuate service.

IT IS SO ORDERED.

Dated:   **August 26, 2013**             /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE