# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RAY BAXTER, | )  1:13cv00001 DLB PC |
| | ) |
| Plaintiff, | )  ORDER DISMISSING COMPLAINT |
| | )  FOR FAILURE TO PROSECUTE |
| vs. | ) |
| | ) |
| KERN COUNTY SHERIFF'S DEPT., | ) |
| | ) |
| Defendant. | ) |

Plaintiff Steven Ray Baxter ("Plaintiff") is incarcerated in the Kern County Jail. He is proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on January 2, 2013.[1]

On August 26, 2013, the Court dismissed the complaint with leave to amend. Plaintiff was ordered to file an amended complaint within thirty (30) days.

On September 3, 2013, the order was returned to the Court by the United States Postal Service with a notation, "Undeliverable, Not In Custody."

Plaintiff is required to keep the Court apprised of his current address at all times, and Local Rule 183(b) provides, "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 15, 2013.

1

parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

Plaintiff's address change was due by November 5, 2013, but he failed to file one and he has not otherwise been in contact with the Court.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending since January 2, 2013, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. Further, the opposing party is necessarily prejudiced when an action pending against it does not move forward. *Id.*

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* at 1228.

---

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

Finally, given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute.  *In re PPA,* 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441.

Accordingly, the Court HEREBY ORDERS DISMISSAL of this action, without prejudice, based on Plaintiff's failure to prosecute.  Fed. R. Civ. P. 41(b); Local Rule 183(b).

IT IS SO ORDERED.

Dated:   **November 21, 2013**                     /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE